Continuation of Application for Search Warrant

INTRODUCTION

I, Nicholas Mascorro, being first duly sworn hereby state as follows:

1. Based on the information set forth below, there is probable cause to believe that evidence of violations of federal law, specifically, Title 18, U.S.C. § 922 (g)(1), felon in possession of firearm will be found on the electronic device (hereinafter the "Subject Device"), specifically:

    a. One (1) blue Apple iPhone (ATF Evidence Item #001).

The categories of electronically stored information and evidence sought are described in Attachment B.

2. This Application requests the issuance of a warrant to examine the Subject Device, which was seized on August 1, 2024, during the arrest of Timothy HAINES.

3. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and I have served as such since March 2016. I am a graduate of the Special Agent Basic Training Program at the ATF National Academy and of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. I have conducted numerous investigations into the unlawful possession and use of firearms, the possession and distribution of controlled substances, and conspiracies associated with firearm and narcotic offenses. I am presently assigned to ATF's Lansing Office.

4. The information set forth in this continuation for a search warrant is

based upon my personal knowledge, as well as information provided to me by other witnesses. As this continuation is submitted solely to establish probable cause for the search of the Subject Device, I have not set forth all of the information known to me or to other law enforcement officers concerning this matter.

## PROBABLE CAUSE

5. ATF and Michigan State Police are currently conducting a joint investigation of Timothy HAINES for violation of Title 18, U.S.C. § 922 (g)(1), felon in possession of firearm.

6. I located the following felony convictions for HAINES:

   a. 2007 – Felony Police Officer – Assaulting/Resisting/Obstructing – Pled Guilty;

   b. 2009 – Felony Home Invasion – Pled Guilty;

   c. 2009- Felony Assault with a Dangerous Weapon – Pled Guilty;

   d. 2009- Felony Police Officer – Assaulting/Resisting/Obstructing – Pled Guilty;

   e. 2013- - Felony Motor Vehicle – Unlawful Driving Away – Pled Guilty;

   f. 2013- Felony Police Officer – Fleeing – Pled Guilty and

   g. 2020 – Felony Prisons – Prisoner Possessing Weapons – Pled Guilty.

7. On July 26, 2024, MSP and the Lansing Police Department (LPD) were conducting surveillance on the Royal Liquor Party Store, 3325 South Martin Luther King Jr Boulevard in Lansing, Michigan. During this surveillance, MSP Trooper Luke Shafer observed HAINES exit the driver seat of a black Chevrolet Tahoe bearing Michigan license plate 6PQE09. During surveillance, HAINES displayed

signs of being armed with a firearm – touching his front waistband, looking around, adjusting, and pinning his arms against the suspected firearm. Trooper Shafer also observed the outline of a firearm grip in HAINES' front waistband under HAINES' shirt and a bulge in the front waistband of his shorts. Trooper Shafer further observed HAINES grab what appeared to be the firearm grip and adjust it. This movement is consistent with an individual armed with a firearm.

8. Also, during this surveillance LPD Officer Aaron Bush observed HAINES pin his right arm against his right hip. Officer Bush observed HAINES grab an item concealed in his shorts and shirt and move it from the front of his waist to the outer area of his right hip. At this time, Officer Bush observed a large bulge in HAINES' white t-shirt. Officer Bush believed that this conduct is consistent with a subject who is concealing a firearm. Officer Bush also captured the below image during the surveillance of the bulge in HAINES' clothing.



a.

9. Trooper Shafer observed HAINES enter the driver seat of the vehicle and leave the parking lot. MSP completed a check on the registration plate on the Tahoe and learned it was improper and was entered as junked. Trooper Shafer

attempted an immediate traffic stop on the vehicle at Holmes Rd. and Express Ct. in Lansing. At that time, the vehicle fled. LPD units maintained visual on the vehicle until it came to a stop in the driveway of 3414 Maybel, Lansing, Michigan. Officer Benjamin Brandenburg then approached HAINES and three other occupants located outside the vehicle. HAINES immediately fled on foot northbound up the driveway and out of site. Approximately five minutes later, HAINES was then located walking near Ronald and Anson in Lansing, which approximately a block from the vehicle's location. When arrested, HAINES was sweating profusely. Additionally, his shirt was ripped where he was carrying the firearm, which would be consistent with him pulling a firearm from concealment in an expeditated manner.

10. A K9 track was conducted by K9 Officer Bryant Wilson, who tracked HAINES' flight path. The K9 began at 3414 Maybel and traveled northbound into the backyard. The K9 showed an enormous interest along the fence line and wanted to go over the fence on the northeast side of the residence. Officer Bush then went over the fence and located a Canik TP9DA, 9mm pistol bearing serial number 20BJ03786 laying in the grass just over the fence in the backyard of 4616 Stillwell, Lansing, Michigan. Below is an overhead view of the 3414 Maybel and 4616 Stillwell residences, showing their close proximity:



a.

11. HAINES was released from custody on July 29, 2024. However, HAINES was arrested on August 1, 2024, at 16994 Wright Road, Grand Ledge, Michigan by the Michigan Department of Corrections for being an absconder from parole. During his arrest, HAINES had the Subject Device on his person. The Subject Device was turned over to ATF's Lansing Office and placed into ATF evidence as Item #001.

12. On August 1, 2024, ATF Interstate Nexus Expert Special Agent Dustin Hurt advised that Canik firearms are not manufactured in Michigan; therefore, the firearm was manufactured outside the State of Michigan

13. I know through numerous firearm investigations that individuals who illegally possess firearms often utilize cell phones like the Subject Device to acquire, distribute, and document possession of firearms using means of text messaging, photographs/videos, calls, emails, social media, and cellphone features.

14.     Based on the information set forth, the physical evidence seized, and my knowledge, training and experience in Felon in Possession of Firearms investigations, I respectfully submit there is probable cause to believe additional evidence of being a felon in possession of a firearm will be found in electronic format on the Subject Device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15.     The warrant applied for would authorize the extraction and copying of electronically stored information, under Rule 41(e)(2)(B).

16.     I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17.     *Forensic evidence.* This application seeks permission to locate forensic electronic evidence that establishes how the Subject Device was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file) and

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

18.     *Nature of examination.* Based on the foregoing, and consistent with

Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

19.     I respectfully submit that there is probable cause to believe that HAINES was a previously convicted felon and committed the crime of Felon in Possession of Firearm, in violation of Title 18, U.S.C. § 922(g)(1). I submit that this application supplies probable cause for a search warrant authorizing the examination of the Subject Device described in Attachment A to seek the items described in Attachment B.